**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUAN JOSE CORREA-HERRERA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    17-72229

Agency No. A093-468-073

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2020[**]

Before:     LEAVY, PAEZ, and BENNETT, Circuit Judges.

Juan Jose Correa-Herrera, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

In his opening brief, Correa-Herrera fails to challenge the agency's determination that his proposed social groups based on his returnee status and perceived wealth were not cognizable, and that his fear of generalized crime and violence lacked a nexus to a protected ground. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Correa-Herrera also does not challenge the BIA's determination that his newly proposed social group was not properly before it. *See id.* Thus, Correa-Herrera's asylum and withholding of removal claims fail. In light of this disposition, we do not reach Correa-Herrera's remaining contentions as to these claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence supports the agency's denial of CAT relief because Correa-Herrera failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too

speculative).

Correa-Herrera's contention that the agency violated his due process rights by limiting his testimony fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring substantial prejudice to prevail on a due process claim). The record does not support Correa-Herrera's contentions that the agency failed to consider evidence or otherwise erred in its analysis of his claims. *See Najmabadi v. Holde*r, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

**PETITION FOR REVIEW DENIED.**